IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LACRAIG ROBERTS | § | |
| v. | § | CIVIL ACTION NO. 6:14cv801 |
| HENRY KINGANGA, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Lacraig Roberts, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants were TDCJ-CID officers Henry Kinganga, Walter Luckett, an officer identified as Ama, and Regional Director Scott.

Roberts complained of an incident occurring on November 3, 2012, in which he requested to return to his cell to use the toilet but Officer Kinganga would not permit him to do so. Roberts requested a supervisor but Officer Kinganga shouted racial epithets and profanity. Roberts claims that Kinganga also used excessive force upon him. Officer Luckett handcuffed him and assaulted him. Officer Ama was in the area, but Roberts did not know if Ama was involved. Scott was sued because he was the regional director.

After an evidentiary hearing, Scott and Ama were dismissed, and Kinganga and Luckett were ordered to answer the lawsuit. Both of these Defendants had left the employ of the State of Texas and the Court ordered service to be effected by the U.S. Marshal. Kinganga answered the lawsuit and filed a motion for summary judgment based upon failure to exhaust administrative remedies,

1

to which Roberts filed a response. On February 28, 2017, the Magistrate Judge issued a Report recommending that Kinganga's motion for summary judgment be granted and that Kinganga be dismissed from the lawsuit. In this Report, the Magistrate Judge observed that according to the summary judgment evidence, Roberts had not filed any grievances relating to the alleged uses of force by either Kinganga or Luckett. Roberts did not file objections to the Report and Kinganga's motion for summary judgment was granted on March 28, 2017. Kinganga was dismissed from the lawsuit at that time.

The U.S. Marshal was unable to effect service of process upon Luckett. On March 30, 2017, the Magistrate Judge directed Roberts to furnish Luckett's correct name and address for service of process. *See Kersh v. Derozier*, 851 F.2d 1509 (5th Cir. 1988). When Roberts did not comply, the Magistrate Judge issued a Report recommending that the claims against Luckett be dismissed without prejudice for failure to effect service of process. No objections have been filed to this Report; accordingly, Roberts is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.")

In addition, the Court notes that the summary judgment evidence showed that Roberts did not exhaust his administrative remedies against Luckett. While Luckett did not join in Kinganga's motion for summary judgment, the Fifth Circuit has held that a successful motion for summary

judgment inures to the benefit of defaulting defendants who did not join in that motion. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

In *Blake v. McCormick*, civil action no. 5:06cv273, 2007 WL 1671732 (E.D.Tex., June 8, 2007), this Court stated as follows:

> In the present case, the Defendants submitted competent summary judgment evidence showing that the Plaintiff did not pursue his Step Two grievance remedies with respect to any of his claims. The Plaintiff has not submitted any competent summary judgment evidence countering the defense. Consequently, the motions for summary judgment should be granted in favor of all of the Defendants, including Captain Finn [who was not served and did not answer or join the motion for summary judgment]. The defense inures to the benefit of any unserved or defaulting defendants such as Captain Finn. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *see also Bloch v. Samuels*, No. H-04-4861, 2006 WL 2239016 (S.D.Tex. Aug.6, 2006). Furthermore, since the deadlines for the Plaintiff to pursue his Step Two grievances have expired, he cannot effectively exhaust his administrative remedies at this late date. As such, the argument that the Plaintiff's claims should be dismissed with prejudice is meritorious.

In the same way, Kinganga's motion for summary judgment inures to Luckett's benefit because the summary judgment evidence showed that Roberts did not exhaust his administrative remedies against Luckett. Roberts' lawsuit against Luckett may be dismissed on this basis as well as for failure to effect service of process. It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 68) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process and for failure to exhaust administrative remedies. It is further

**ORDERED** that the statute of limitations for filing federal civil rights lawsuits is **SUSPENDED** for a period of 60 days following the date of entry of final judgment in this case. Roberts may refile his lawsuit or seek the reopening of the present case upon ascertaining a current and valid address for Luckett. The suspension of the limitations period does not itself affect the TDCJ-CID exhaustion process; thus, should Roberts reopen or refile his lawsuit, he must demonstrate exhaustion of his administrative remedies or show valid cause for excusing the exhaustion requirement. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**

**Jan 10, 2018**

_____
Ron Clark, United States District Judge